**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JAMES VERNON RICKS**                                                             **PLAINTIFF**

**V.**                                                           **CASE NO. 3:08CV54**

**FEDERAL AVIATION ADMINISTRATION
MICHAEL W. BROWN
JOHN M. ALLEN
JAMES J. BALLOUGH
NICHOLAS A. SABATINI
UNITED STATES**                                                       **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of defendant, The United States of America, to dismiss.

Plaintiff, James Vernon Ricks, Jr., filed the instant action under the Federal Tort Claims Act ("FTCA"). Ricks claims the Federal Aviation Administration ("FAA")[1] negligently declined to issue him a number of flight certifications. As a professional flight instructor Ricks needed those certifications in order to make a living. He seeks monetary damages for the FAA's negligence.

The government seeks to have this case dismissed because (1) this court lacks jurisdiction; (2) Ricks has failed to raise claims proper under the FTCA; and, (3) the statute of limitations for these claims has passed.

The government first argues that this court lacks subject matter jurisdiction because original jurisdiction for this type of action lies in the Fifth Circuit. *See* 49 U.S.C. § 46110(a).

---

[1] Although the court discusses the actions of the FAA throughout this order, the proper defendant in this action is the United States.

Section 46110 requires that any final decision of the FAA be appealed to a circuit court. Ricks agrees that any claim the FAA must issue him a certificate would properly lie in the Fifth Circuit, but he argues his claim seeks only money damages for failure to issue the certificates.

Subject matter jurisdiction can never be forfeited or waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1244, 163 L.Ed. 2d 1097 (2006). A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Montez v. Department of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). A "facial attack" on the complaint requires the court to merely determine if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. The allegations in the complaint are taken as true for the purposes of the motion. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (1980). A "factual attack," however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. *Id*. No presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case. *Montez*, 392 F.3d at 149.

In deciding whether subject matter jurisdiction exists the court must determine whether circuit courts have exclusive jurisdiction over this type of claim or whether FTCA claims might be brought in a district court. There is no Fifth Circuit case on this issue. Four other circuits have faced this question. Those circuits are split as to whether such claims may be validly brought in district courts.

The Second Circuit prohibits suits such as this where the FAA's administrative decision is "inescapably intertwined" with a subsequent damages suit. *Merritt v. Shuttle, Inc.*, 245 F.3d

182, 187 (2d Cir. 2001) (citing *Merritt v. Shuttle, Inc.*, 187 F.3d 263, 271 (2d Cir. 1999)); *see also Foster v. Skinner*, 70 F.3d 1084, 1087-88 (9th Cir. 1995); *Green v. Brantley*, 981 F.2d 514, 521 (11th Cir. 1993) ("Where Congress has provided in the courts of appeal an exclusive forum for the correction of procedural and substantive administrative errors, a plaintiff may not bypass that forum by suing for damages in district court").

The Seventh Circuit dealt with a similar issue in which a plaintiff raised a due process challenge to the FAA's authority. *Gaunce v. de Vincentis*, 708 F.2d 1290, 1291-92 (7th Cir. 1983). While *Gaunce* did not deal with money damages the court used the *Green* reasoning in determining that subject matter jurisdiction did not exist for a collateral attack on an FAA decision in a district court. *Id*. at 1293.

The Circuit for the District of Columbia has allowed such suits holding that the money damages available under the FTCA are a separate remedy from the ability to challenge the substantive holding on appeal to a circuit court. *Beins v. United States*, 695 F.2d 591, 599 (D.C. Cir. 1982). This decision is based on the reasoning that circuit courts are unable to award money damages when deciding appeals of FAA administrative decisions. *Id*. at 599.

This court is persuaded by the logic set forth in opinions from the Second, Ninth, and Eleventh Circuits. Congress has created a remedy for individuals aggrieved by the FAA licensure process. The remedy requires FAA decisions be appealed to the circuit courts. Allowing damages suits that are inescapably intertwined with FAA administrative decisions appealable only to circuit courts puts a district court in the position of sitting in judgment of the administrative process and the circuit court under which it sits. Congress has specifically prohibited district courts from reviewing the administrative decisions of the FAA. Likewise logic dictates that district courts can not sit in judgment of the decisions of a circuit court.

This suit seeks only money damages, but if the court were to allow those damages it would in essence be holding that the FAA erred in making its decision. Ricks can succeed only if this court determines that the FAA was negligent in failing to award him the requested certificates. Only the circuit court has the authority to make that decision. The decision as to whether Ricks is entitled to the requested certificates and whether he is entitled to money damages are inescapably intertwined.

Based on the above reasoning the court finds this suit is an impermissible collateral attack on the FAA's administrative decision. As such the court does not have subject matter jurisdiction over the instant dispute.

The United States' motion [36] to dismiss is GRANTED.

This the 7th day of April, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**